FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 24, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD CHARLES ROBINSON, JR.,<br><br>　　　　　　　　Defendant. | No. 1:20-CR-02026-SAB-1<br><br>**ORDER GRANTING MOTION FOR COMPETENCY RESTORATION; STRIKING TRIAL DATE**<br><br>**\*\* U.S. MARSHALS ACTION REQUIRED \*\*** |

　　　The Court held a status conference in the above-captioned matter on March 23, 2022. The United States was represented by Richard Barker and Thomas Hanlon. Defendant was represented by Craig Webster. Defendant was present in the courtroom in the custody of the U.S. Marshals.

　　　At the status conference, the Court discussed the Government's Unopposed Motion Requesting Competency Evaluation, ECF No. 49. Pursuant to the Court's Order Directing Competency Evaluation, Dr. Cynthia A. Low, PhD performed a forensic evaluation of Defendant. Based on this evaluation, Dr. Low concluded that Defendant suffers from a mental disorder that would substantially impair his ability to assist counsel in his own defense. Thus, the parties stipulate and agree that Defendant undergo competency restoration measures to ensure that he is

**ORDER GRANTING MOTION FOR COMPETENCY RESTORATION; STRIKING TRIAL DATE** # 1

competent to stand trial and assist in his own defense. This Order memorializes the Court's oral rulings.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Unopposed Motion Requesting Competency Evaluation, ECF No. 49, is **GRANTED**.

2. The Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his own defense. Thus, the Court commits Defendant to the custody of the Attorney General.

3. The U.S. Marshals **shall** transport Defendant <u>at the soonest possible date</u> to a suitable treatment facility, as designated by the Bureau of Prisons ("BOP").

4. Until such time that Defendant has been transferred to the designated BOP facility, the parties shall file a monthly status report, the first one being due on **April 8, 2022**. The parties shall file their reports by the 8th day of each month <u>until Defendant has commenced competency restoration procedures</u>.

5. Defendant shall remain in BOP's custody for a reasonable period not to exceed **four (4)** months from the date Defendant enters the facility where he is designated for competency restoration procedures, in order to determine whether there is a substantial probability that, in the foreseeable future, Defendant will regain the necessary mental capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d).

6. Within four months of Defendant commencing competency restoration procedures, but no later than **August 5, 2022**, the parties will file a joint status report updating the Court on Defendant's competency status.

7. The trial date of May 16, 2022 is **STRICKEN**.

8. The pretrial conference of April 20, 2022 is **STRICKEN**.

9. Defendant's Motion to Determine Competency of Defendant, ECF

**ORDER GRANTING MOTION FOR COMPETENCY RESTORATION; STRIKING TRIAL DATE** # 2

No. 37, is **STRICKEN** with leave to refile until after the competency restoration measures are complete.

10. The Court **sets** a status hearing on **August 10, 2022**, at **11:00 a.m.** in **Yakima**, Washington. At the hearing, the parties should be prepared to discuss the status of the case and Defendant's competency status.

11. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the time between May 16, 2022, the current trial date, until August 5, 2022, the latest date the Court will receive the jointly-filed update on Defendant's competency status, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served by such a continuance outweigh the public's and Defendant's interest in a speedy trial.

12. Trial briefs, proposed voir dire, jury instructions, verdict forms, exhibit lists, expert witness lists, and summaries of expert testimony shall be filed and served by all parties on or before **seven (7) calendar days prior to trial**. This does not modify the parties' discovery obligations under Fed. R. Crim. P. 16. Absent an agreement between the parties or an Order from the Court, the parties' Fed. R. Crim. P. 16 discovery deadlines shall be governed by Local Criminal Rule 16.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel **AND TO** the U.S. Marshals.

**DATED** this 24th day of March 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR COMPETENCY RESTORATION; STRIKING TRIAL DATE # 3**