UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>                                                  Plaintiff,<br>-vs-<br>EDWARD CHARLES ROBINSON,<br><br>                                                  Defendant. | Case No.      1:20-CR-2026-SAB-1<br><br>CRIMINAL MINUTES<br><br>DATE:         JULY 21, 2023<br><br>LOCATION:   YAKIMA, WA<br><br>MOTION HEARING |
|---|---|

| Chief Judge Stanley A. Bastian |||
|---|---|---|
| Michelle Fox<br>**Courtroom Deputy** | 02<br>**Law Clerk** | Kimberly Allen<br>**Court Reporter** |
| Thomas Hanlon<br>Richard Barker<br>**Government Counsel** || Craig Webster<br><br>**Defense Counsel** |
| **United States Probation Officer:** |||

[ X ] Open Court          [ ] Chambers          [ ] Telecon

Defendant present and in custody of the U.S. Marshal

Motion for Psychiatric Treatment, ECF No. 72

Court corrects the status for today's hearing. It is a Motion for Restorative Actions.

R. Barker states that is correct. Need to determine if he can be restored. Issue is whether the medication is appropriate to be administered in order to restore the competency.

Court asks C. Webster if he agrees to the summary.

C. Webster states that all doctors have come to the same conclusion. The issue is whether we can force involuntary medication. Defendant has a standing objection that he believes he is competent.

Court addresses counsel regarding the motion and why it took so long.

R. Barker indicates that the process is long in getting the opinions to support the forced administration of the medication.

C. Webster indicates they were ready to challenge the findings however after our Dr. reviewed the record and came to the same conclusion which is why we found it was not necessary to have testimony.

**[ X ] ORDER FORTHCOMING**

| CONVENED: 9:00 A.M. | ADJOURNED: 9:14 A.M. | TIME: 14 MIN. | CALENDARED   [ X ] |
|---|---|---|---|

*United States –vs- E. Robinson*             July 21, 2023
1:20-CR-2026-SAB-1             Page 2
Motion Hearing

Court: defense is stipulating to the plan by the government.

C. Webster states that he cannot argue against the proposal. It is to his client's benefit.

Court GRANTS Motion. Court outlines the factors: Need to resolve the crimes; medication likely to render the defendant competent to stand trial based on the expert's decisions; medication is necessary to further Government's interests; medication is medically appropriate.

R. Barker is requesting an Order regarding an insanity defense. Government can have him evaluated now on if it would be challenged.

Court was making a ruling on the medication. The Order you are asking for is different?

R. Barker states it is different. It would be an Order to the Bureau of Prisons to examine the defendant as to his mental state at the time.
       C. Webster does not object.
       Court asks counsel to submit a proposed order.

R. Barker asks to have defendant returned to FCI Butner.