S. Peter Serrano
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 1:20-CR-02026-SAB |
| Plaintiff, | |
| vs. | GOVERNMENT STATUS REPORT |
| EDWARD CHARLES ROBINSON, JR., | Without Oral Argument |
| Defendant. | |

The United States of America, by and through United States Attorney S. Peter Serrano, and Assistant United States Attorney Thomas J. Hanlon, hereby files this status report concerning Defendant EDWARD CHARLES ROBINSON, JR. On August 11, 2025, counsel for the govenrment attempted to contact Craig Webster, counsel for the Defendant, and was advised he is out of the district until August 25, 2025.

## BACKGROUND

On August 19, 2021, the United States filed a motion Requesting a Competency Evaluation. ECF No. 35. The Defendant filed a motion on September 1, 2021 to Determine Competency of Defendant. ECF No. 37. The next day, September 2, 2021, this Court issued an order Directing a Competency Evaluation for Defendant. ECF No. 39. Dr. Cynthia A. Low, PhD ("Dr. Low") conducted the forensic evaluation and concluded in a February 25, 2022 report that Defendant currently has

-1-

Government's August 2025 Status Report

1  "a poor ability to property assist counsel in his defense." ECF No. 47. Dr. Low
2  recommended Defendant undergo "[f]ormal competency restoration procedures at a
3  federal medical center." *Id.*
4        On March 16, 2022, the United States filed an unopposed motion requesting
5  competency restoration, ECF No. 49, which was granted on March 24, 2022, *see* ECF
6  No. 51. Furthermore, on March 24, 2022, this Court found by a preponderance of the
7  evidence that the Defendant is suffering from a mental disease or defect rendering him
8  mentally incompetent to assist properly in his own defense. ECF No. 51. On or about
9  August 1, 2022, counsel was advised that the Defendant was designated for treatment
10 at the Butner FCI. The United States Attorney's Office confirmed that the Defendant
11 was scheduled to leave for the Butner FCI on August 3, 2022. ECF No. 59.
12       On September 23, 2022, Kris Lloyd, Psy. D., ABPP (Forensic)(hereinafter "Dr.
13 Lloyd"), from the Butner facility reached out to counsel and advised she would he
14 conducting the forensic evaluation. Dr. Lloyd requested additional information. Both
15 counsel for the government and counsel for the Defendant provided materials.
16       On August 26, 2022, Complex Warden T. Scarantino sent a letter to this court
17 and carbon copied counsel. The letter stated that the Defendant was admitted to the
18 Mental Health Unit of FMC-Butner on August 23, 2022. The letter further stated that
19 the evaluation period would end on December 20, 2022. Lastly, the letter stated that
20 the FMC-Butner staff will submit a final report to the Court within 14 working days of
21 the end date.
22       In December 2022, the parties received a Forensic Evaluation from the Bureau
23 of Prisons from Butner, North Carolina. The forensic psychologists, who completed
24 Defendant's Forensic Evaluation, determined, among other things, that, in the
25 psychologists' view, Defendant's current mental condition "render[s] him not
26 competent to proceed to trial." The Psychologist further opined that Defendant's
27 competency likely would be restored by antipsychotic medicine, which Defendant
28

1  declined to take.

2  On January 25, 2023, a status conference was held. This Court ordered the
3  Bureau of Prisons to update their competency report and file it with the Court no later
4  than February 20, 2023. ECF No. 69.

5  On February 10, 2023, pursuant to this Court's order, the Bureau of Prisons
6  provided a status report which outlined the Defendant's current treatment and
7  progress. ECF No. 85.

8  On February 21, 2023, the Bureau of Prisons submitted a forensic addendum to
9  the Court. ECF No. 81.

10  On February 27, 2023, the United States filed a Motion for Involuntary
11  Psychiatric Medication to Restore Defendant's Competency. ECF No. 72. On May
12  12, 2023, counsel for the Defendant filed a response. ECF No. 92.

13  On July 21, 2023, a hearing was held regarding the United States Motion for
14  Involuntary Psychiatric Medication. This Court granted the Motion for Involuntary
15  Psychiatric Medication to Restore Defendant's Competency. ECF No. 100.
16  Furthermore, this Court directed the U.S. Marshals Service to transfer the Defendant
17  back to the Federal Correctional Facility in Butner, North Carolina. ECF No. 100.
18  Furthermore, at the hearing, the Government requested an Order regarding an insanity
19  defense. ECF No. 99. The Defendant had no objection. ECF No. 99. On August 15,
20  2023, this Court ordered at least one qualified psychiatrist or psychologist to
21  determine the existence of insanity at the time of the alleged offense. Furthermore,
22  this Court ordered the qualified psychiatrist or psychologist to submit a report to the
23  Court. ECF No. 101.

24  On December 5, 2023, the Bureau of Prisons submitted a Forensic Evaluation
25  to the Court. ECF No. 103. The authors of the report concluded that Defendant "is
26  currently suffering from a mental disease or defect, namely delusional disorder, which
27  renders him not competent to stand trial." ECF No. 103 at 12. Furthermore, the

28

authors requested the Court to "grant an additional period of restoration for a reasonable period of time." If granted, the Bureau of Prisons would adjust the Defendant's psychiatric regiment to treat his delusions, with the goal of improving his competency-related skills and to address his mental disease. *Id.*

On March 1, 2024, the United States filed a Joint Status Report and Motion for Additional Forced Medication. ECF No. 108. In its motion, the United States offered that neither party opposed the conclusions reached in the Forensic Evaluation, and the parties agreed with the recommendations that the Defendant continue the proposed psychiatric regiment, including adjusting the regimen as the Bureau of Prisons determines appropriate. ECF No. 108 at 2. The parties further requested that the Bureau of Prisons provide a status report by July 1, 2024. *Id.*

On March 14, 2024, this Court granted the Government's Motion for Additional Forced Medication. Furthermore, this Court ordered the Bureau of Prisons to provide counsel with an additional status report no later than July 1, 2024. ECF No. 109. This Court ordered that the status report detail any updates or progress relevant to Defendant's competency status, as well as any recommendations going forward. *Id.*

On March 19, 2024, this Court issued an order directing the transport of the Defendant back to the Federal Correctional Facility in Butner, North Carolina. (ECF No. 112). Furthermore, this Court ordered the parties to update the Court upon results of treatment. On June 18, 2024, this Court granted an extension request with the Defendant's evaluation period set to end on September 25, 2024, with a final report submitted to the Court within 14 working days of the end date.

On September 27, 2024, the Bureau of Prisons prepared a Forensic Evaluation Report. The report was subsequently disseminated to the Court and then to counsel. The report notes that between June 3, 2024 and August 14, 2024, the Defendant "displayed some improvements in his presentation." The report also notes that the Defendant "responded well to his psychiatric medication and his Risperdal

-4-

prescription was increased to 3mg."[1] The report documents that the author made four distinct findings.[2] First, the author concluded that the Defendant "has a mental illness, namely delusional disorder, and is currently in an acute episode despite treatment with antipsychotic medication." Second, the author concluded that the Defendant has "demonstrated a factual understanding of the legal system and his legal situation." Third, the author concluded that "due to his mental illness, Mr. Robinson is unable to make rational case related decisions." Lastly, the author concluded that the Defendant "does not have sufficient ability to assist properly in his defense."[3]

In conclusion, the author determined that the Defendant "is currently suffering from a mental disease or defect, namely delusional disorder, which renders him not competent to stand trial." Furthermore, the author concluded that the Defendant's "current mental status is unstable and he continues to present with persecutory delusions."

On March 13, 2025, this Court issued an order for Additional Competency Restoration Treatment. (ECF No. 122). Furthermore, this Court ordered that the Bureau of Prisons provide counsel with an additional status report no later than July 1, 2025. Id.

**STATUS**

On July 1, 2025, the Bureau of Prisons prepared a Forensic Evaluation report.[4] The parties received the report on July 3, 2025. The report notes that at the start of the evaluation period the Defendant was prescribed 5mg of Zyprexa (an antipsychotic)

---

[1] ECF No. 116 at 8. Furthermore, it should be noted that in the treatment plan, which is dated February 14, 2023, (and was previously offered to the Court as Attachment D, ECF No. 72-4) Dr. Charles A. Cloutier, M.D., a Staff Psychiatrist at FMC Butner explained, "with reasonable medical certainty, it is my clinical opinion that administration of involuntary antipsychotic medication to Mr. Edward Robinson is substantially likely to render him competent to stand trial."
[2] Forensic Psychologist John Robert Jones is the author of the report. Dr. Adeirdre Stribling Riley, Chief of Psychology, reviewed and approved of the report.
[3] ECF No. 116 at 10-12.
[4] Forensic Psychologist John Robert Jones is the author of the report. Dr. Adeirdre Stribling Riley, Chief of Psychology, reviewed and approved of the report.

-5-
Government's August 2025 Status Report

and 6mg of Risperdal (an antipsychotic) every night. The Defendant was additionally prescribed Cogentin 3mg daily for potential medication side effects.

The report notes that on February 28, 2025, the defendant's Zyprexa prescription was increased to 10mg. The Zyprexa prescription was increased to 15mg. On June 11, 2025, medical staff met with the Defendant to assess his competency abilities. No changes were noted in his delusional thought content despite his compliance with polypharmacy psychiatric treatment. Ultimately, it was determined that the Defendant has a mental illness, namely delusional disorder. The Defendant continues to remain in an acute episode despite a treatment regimen of two antipsychotic medications. Due to the delusional ideation, it was determined that the Defendant is unable to make rational case-related decisions. The Defendant does not have sufficient ability to assist properly in his defense. Furthermore, the Defendant was screened for dangerousness and a risk panel found that the Defendant met the threshold for possible civil commitment. Lastly, if the Court agrees with the findings that the Defendant is not restorable, the author requests the Court issue an order stating that the Defendant is not restorable.

**RECOMMENDATION**

In the instant case, after a thorough review of the report, counsel for the United States believes that the Defendant continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. Furthermore, no further adjustments to his to his medications would significantly impact the Defendant's delusional thought content.

If this Court were to affirm the findings as provided in the Forensic Examination, the next step would be to hold a hearing pursuant to 18 U.S.C. 4246(a). Here, a certificate of Mental Disease or Defect and Dangerousness has already been

-6-

Government's August 2025 Status Report

filed in the Eastern District of North Carolina in cause number 5:23-hc-02022-FL.[5] District Judge Louis Wood Flanagan has granted a motion to stay in that proceeding until this Court issues an order regarding its competency determination.

As such, the United States respectfully requests that this Court issue an order stating that the Defendant is not competent and not restorable. Lastly, the United States respectfully requests that this case remain open until further proceedings in the Eastern District of North Carolina, 5:23-hc-02022-FL, are concluded.

DATED: August 11, 2025                Respectfully submitted,

S. Peter Serrano
United States Attorney

*s/ Thomas J. Hanlon*
Thomas J. Hanlon
Assistant United States Attorney

---

[5] After the July 1, 2025, Forensic Examination was disclosed, counsel for the United States attempted on multiple occasions to contact the SAUSA assigned to the matter in the Eastern District of North Carolina for a status update. On August 7, 2025, the SAUSA responded and advised that if this Court were to affirm the findings as provided in the Forensic Examination (Defendant incompetent and not restorable), she will move to lift the stay and seek to proceed with a full dangerousness assessment.

-7-

Government's August 2025 Status Report

# CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to counsel of record.

<u>*s/Thomas J. Hanlon*</u>
Thomas J. Hanlon
Assistant United States Attorney