Craig D. Webster
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Edward Charles Robinson, Jr.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Stanley A. Bastian

| United States of America, | |
|---|---|
| Plaintiff, | No. 1:20-CR-2026-SAB |
| v. | **Status Report** |
| Edward Charles Robinson, Jr., | |
| Defendant. | |

Edward Charles Robinson, Jr., through counsel, hereby provides the Court with a Status Report. Defense counsel was out of the district at the time of the government's filing and therefore was not able to provide feedback prior to its filing.

Based on defense counsel's thorough review of BOP's Forensic Evaluation report dated July 1, 2025, and the record in full, counsel agrees with Dr. Jones' opinion that Mr. Robinson is incompetent to

Status Report: 1

stand trial and that there is not a substantial probability that he could be restored to competency in the foreseeable future.[1]

Defense counsel agrees with the government and jointly requests that this Court issue an order stating that the Defendant is not competent and not restorable.[2] This recommendation is based off of the numerous doctors' findings throughout the life of the case, Dr. Jones' 7/1/25 report, as well Dr. Eliason's findings from March 2025 which opined that "an additional four months with his current psychotropic medication regimen would not result in any significant clinical improvement or provide therapeutic benefit to the patient."[3]

### Status Update

On August 17, 2021, defense counsel filed a Motion to Determine Competency of Defendant.[4] The motion was based upon Dr. Baldwin's diagnosis of "Probable delusional disorder, persecutory type at the time

---

[1] *See* 7/1/25 BOP Forensic Evaluation at pg. 13 of 14.

[2] *See* ECF No. 128 at pg. 7.

[3] *See* ECF No. 123-1.

[4] *See* ECF No. 33; 37; 38.

Status Report: 2

of the incident" and her opinion that Mr. Robinson was incompetent to stand trial due to inability to assist in his own defense.[5]

On August 19, 2021, the government filed a Motion Requesting Competency Evaluation.[6] On September 2, 2021, the Court entered an order directing competency evaluation at SEATAC Metropolitan Detention Center.[7]

On March 23, 2022, the Court held a hearing, at which the defendant was present, and the Court found "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his own defense."[8] The defendant was ordered committed to the custody of the Attorney General to undergo restoration measures to assure that he is competent to stand trial and to assist in his own defense.[9] The defendant was ordered to "remain in BOP's custody for a

---

[5] *See* ECF No. 33-1 at pg. 1.

[6] *See* ECF No. 35.

[7] *See* ECF No. 39.

[8] *See* ECF No. 51 at pg. 2.

[9] *See* ECF No. 51 at pgs. 1-2.

Status Report:  3

reasonable period not to exceed **four (4)** months from the date Defendant enters the facility where he is designated for competency restoration procedures, in order to determine whether there is a substantial probability that, in the foreseeable future, Defendant will regain the necessary mental capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)."[10]

After a series of status updates and BOP Reports,[11] the government moved for Involuntary Psychiatric Medication to Restore Defendant's Competency.[12] Defense filed a response memorandum and filed a related report by Dr. Baldwin.[13] The government filed a reply.[14] On July 21, 2023, the motion hearing was conducted with the defendant present.[15] The Court granted the Government's motion to involuntarily

---

[10] *See* ECF No. 51.

[11] *See* ECF Nos. 52, 53, 56, 57, 58, 59, 62, 63, 66, 67, 71.

[12] *See* ECF No. 72.

[13] *See* ECF Nos. 92, 92-1.

[14] *See* ECF No. 98.

[15] *See* ECF No. 100.

Status Report: 4

administer medication to potentially restore Defendant's competency.[16] Mr. Robinson was transferred back to FCI Butner.

On December 20, 2023, BOP's December 5, 2023, Forensic Evaluation Report was filed.[17] Dr. Jones opined that "Mr. Robinson is currently suffering from a mental disease or defect, namely delusional disorder, which renders him not competent to stand trial."[18] Dr. Jones requested "that the Court grant an additional period of restoration for a reasonable amount of time, pursuant to Title 18, U.S.C., § 4241(d)(2)."[19] Based on the findings of BOP, the government filed a status report and motion for additional forced medication.[20] The Court being fully informed and finding good cause, granted the Motion.[21]

---

[16] *See* ECF No. 100.

[17] *See* ECF No. 103.

[18] *See* ECF No. 103 at pg. 13.

[19] *See* ECF No. 103 at pg. 13.

[20] *See* ECF No. 108.

[21] *See* ECF No. 109.

Status Report: 5

On October 28, 2024, the Court received BOP's September 27, 2024, Forensic Evaluation Report.[22] Dr. Jones opined "that Mr. Robinson is currently suffering from a mental disease or defect, namely delusional disorder, which renders him not competent to stand trial."[23] Dr. Jones requested an additional period of restoration pursuant to 18 U.S.C. § 4241(d)(2).[24] Mr. Robinson's psychiatric regimen was adjusted to treat his delusions and his competency-related skills.[25] The parties filed a Joint Status Report and the Court ordered an Additional Competency Restoration Treatment.[26]

On February 28, 2025, the Court filed BOP's February 6, 2025, Forensic Evaluation Report.[27] Dr. Jones opined that Mr. Robinson was not competent and that a substantial probability exists that Mr.

---

[22] *See* ECF No. 116.

[23] *See* ECF No. 116 at pg. 11.

[24] *See* ECF No. 116 at pg. 12

[25] *See* ECF No. 116 at pg. 12.

[26] *See* ECF Nos. 117, 118.

[27] *See* ECF Nos. 120, 120-1.

Status Report: 6

Robinson can obtain competency.[28] The Court granted the request for additional competency restoration treatment.[29] The defense did not object, but filed a Status Report raising concern that there was not substantive change in Mr. Robinson's delusional beliefs.[30] Mr. Robinson had exhibited only minor improvements in his presentation, with no apparent improvement in his delusional beliefs.[31] Additionally, Mr. Robinson had experienced adverse side effects during the treatment process.[32] Counsel filed a report by Dr. Eliason that opined "that he did not feel that extending this patient's commitment for an additional four months with his current psychotropic medication regimen would result in any significant clinical improvement or provide therapeutic benefit to the patient."[33]

On July 1, 2025, BOP's Forensic Evaluation Report was drafted and provided to the Court. Dr. Jones opined "that Mr. Robinson is

---

[28] *See* ECF No. 120-1 at pg. 13.

[29] *See* ECF No. 122.

[30] *See* ECF No. 123 at pg. 2; ECF No. 120-1 at pg. 13.

[31] *See* ECF No. 123; ECF No. 120-1 at pg. 13.

[32] *See* ECF No. 123 at pg. 2; ECF No. 120-1 at pg. 11.

[33] *See* ECF No. 123-1 at pg. 2.

Status Report: 7

currently suffering from a mental disease or defect, namely delusional disorder, rendering him incompetent to the extent he is unable to make rational case-related decisions or rationally assist in his defense. As mentioned above, despite the addition of another antipsychotic to his medication regimen, no changes in his delusions were observed. Due to his continued expression of delusional thought content despite multiple increases and adjustments to his psychiatric medications, it was determined that no further adjustments would significantly impact his delusional thought content. Therefore, it is my opinion that there is not a substantial probability he could be restored to competency in the foreseeable future."[34]

Dr. Jones' report indicates that Mr. Robinson was screened for dangerousness under 18 U.S.C. § 4246.[35] In the Eastern District of North Carolina Mr. Robinson's case was reviewed and presented to a risk panel who found that Mr. Robinson met the threshold for possible civil commitment.[36] On January 27, 2023, a Certificate of Mental

---

[34] *See* 7/1/25 BOP Forensic Evaluation Report at Pg. 13 of 14.

[35] *See* 7/1/25 BOP Forensic Evaluation Report at Pg. 14 of 14.

[36] *See* 7/1/25 BOP Forensic Evaluation Report at Pg. 13 of 14.

Status Report:  8

Disease or Defect and Dangerousness *Pursuant to* 18 U.S.C. 4246(a) against the defendant was filed in the Eastern District of North Carolina (Western Division) Civil Docket for Case # 5:23-hc-02022-FL. Mr. Robinson has been appointed counsel in the Eastern District of North Carolina. The proceedings are stayed pending resolution of Mr. Robinson's competency to stand trial in the case at bar. Once the Court enters a finding that Mr. Robinson is not competent to stand trial and not restorable then Civil Commitment proceedings pursuant to 18 U.S.C. § 4247 will begin.

### Recommendation

Based on the record, the evidence shows that Mr. Robinson continues to suffer from a mental disease or defect and is unable to assist in his defense, therefore he is incompetent to stand trial. Furthermore, despite BOP's best efforts, Mr. Robinson's persecutory delusions continue to persist without any substantive change. Counsel agrees with Dr. Jones' (and Dr. Eliason's) opinion that there is not a substantial probability that he could be restored to competency within the foreseeable future. Therefore, pursuant to 18 U.S.C. § 4241(d), the

Status Report: 9

defense recommends that the Court enter a finding of incompetency and non-restorability.

As such, the defense is in agreement with the USA and respectfully requests that this Court issue an order stating that the Defendant is not competent and not restorable. At this stage, civil commitment is the appropriate proceedings to address Mr. Robinson's circumstances. The Eastern District of North Carolina, 5:23-hc-02022-FL, is the appropriate venue to address the matter.

Dated: August 25, 2025.

By s/ Craig D. Webster
Craig D. Webster
WSBA #40064
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Craig_Webster@fd.org

Status Report: 10

Certificate of Service

I hereby certify that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Thomas J. Hanlon, Assistant United States Attorney.

s/ Craig D. Webster<br>Craig D. Webster