FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>        v.<br><br>EDWARD CHARLES ROBINSON, JR.,<br><br>                         Defendant. | No. 1:20-CR-02026-SAB-1<br><br>**ORDER HOLDING MATTER IN ABEYANCE** |

Before the Court are the parties' Status Reports, ECF Nos. 128 and 129. Defendant is represented by Craig Webster. The Government is represented by Thomas Hanlon.

In its most recent Competency Evaluation Report, ECF No. 127, the Bureau of Prisons ("BOP") opines that Defendant is currently suffering from a mental disease or defect, specifically delusional disorder, which renders him not competent to stand trial. And while BOP recognizes that competency is ultimately a legal determination to be made by this Court, it requests the Court issue an order stating that Defendant is not restorable. The parties agree with BOP's recommendation and request the Court issue an order stating that Defendant is not competent and not restorable. The Government further requests this case "remain open until further proceedings in the Eastern District of North Carolina, 5:23-hc-02022-FL, are concluded."

//

**ORDER HOLDING MATTER IN ABEYANCE** # 1

## **BACKGROUND**

On September 1, 2021, the Court held a hearing on Defendant's Motion to Determine Competency, ECF No. 33, and the Government's Motion Requesting Competency Evaluation, ECF No. 35. At that hearing, the Court ordered Defendant to undergo a competency evaluation at FDC SeaTac. ECF 39.

Dr. Cynthia A. Low, PhD conducted the forensic evaluation at FDC SeaTac and concluded in a report dated February 25, 2022, that Defendant had "a poor ability to properly assist counsel in his defense." ECF No. 47. Dr. Low recommended Defendant undergo "[f]ormal competency restoration procedures at a federal medical center." *Id.*

On March 16, 2022, the Government filed an Unopposed Motion Requesting Competency Evaluation, ECF No. 49, which was granted on March 24, 2022, with the Court specifically finding "by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his own defense." ECF No. 51. Defendant was admitted to the Mental Health Unit of FMC Butner on August 23, 2022, ECF No. 63.

Following his admission to FMC Butner, the Government filed a Certificate of Mental Disease or Defect and Dangerousness, pursuant to 18 U.S.C. § 4246(a), in the Eastern District of North Carolina, Case No. 5:23-hc-02022-FL. *See* ECF 71. That matter was stayed on March 20, 2023, pending this Court's ruling regarding the competency determination. *See* ECF No. 128 at 7.

On December 20, 2023, the Court received a letter from the Bureau of Prisons ("BOP") regarding Defendants completed forensic evaluation, which concluded

> Although the determination of Mr. Robinson's competency is ultimately a decision for the Court, it is the opinion of the undersigned that Mr. Robinson is currently suffering from a mental disease or defect, namely delusional disorder, which renders him not competent to stand trial. Thus, we respectfully request that the Court grant an additional period of restoration for a reasonable amount of time, pursuant to Title

**ORDER HOLDING MATTER IN ABEYANCE** # 2

18, U.S.C., § 4241(d)(2). If the Court grants this request, consistent 18 U.S.C., § 4247(e)(l)(A), the undersigned will submit semi-annual reports. For the next evaluation period, Mr. Robinson's psychiatric regimen will be adjusted to treat his delusions with the goal of improving his competency-related skills.

ECF No. 103 at 12–13. On March 1, 2024, the Government submitted a Status Report and Motion for additional Forced Medication, ECF No. 108, corresponding with BOP's conclusion that Defendant's medication regimen needed to be adjusted, ECF No. 109, which the Court granted on March 14, 2024, ECF No. 109.

From October 28, 2024, to February 28, 2025, additional reports from the BOP opined similar conclusions, noting that Defendant continued to suffer from delusional disorder and that his treatment regimen would be adjusted accordingly but that he was capable of being restored to competency. *See* ECF Nos. 116 and 120. However, on July 2, 2025, the BOP submitted a report to the Court wherein it opines that

Mr. Robinson is currently suffering from a mental disease or defect, namely delusional disorder, rendering him incompetent to the extent he is unable to make rational case-related decisions or rationally assist in his defense. . . . despite the addition of another antipsychotic to his medication regimen, no changes in his delusion were observed. Due to his continued expression of delusional thought content despite multiple increases and adjustments to his psychiatric medications, it was determined that no further adjustments would significantly impact his delusional thought content. Therefore, it is my opinion that there is not a substantial probability he could be restored to competency in the foreseeable future.

ECF No. 127 at 14. In response to this report, the Government filed a Status Report, ECF No. 128, on August 11, 2025, asking the Court to "issue an order stating that the Defendant is not competent and not restorable." Counsel for Defendant submitted a Status Report, ECF No. 129, on August 25, 2025, joining in the Government's request. In its Status Report, the Government also notes the required Certificate of Mental Disease or Defect and Dangerousness, pursuant to 18 U.S.C. § 4246(a), in the Eastern District of North Carolina and requests that this

**ORDER HOLDING MATTER IN ABEYANCE** # 3

matter be held in abeyance until further proceedings are concluded in that matter.

**Legal Framework**

A defendant or the Government may file a motion to determine the mental competency of a defendant "any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant." 18 U.S.C. § 4241(a). Prior to the hearing, the Court may order a psychiatric or psychological exam be conducted and a corresponding report filed with the Court. 18 U.S.C. § 4241(b). Furthermore,

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> > (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
> >
> > (B) the pending charges against him are disposed of according to law;
>
> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C § 4241(d). Under 18 U.S.C. § 4246, once a defendant has been found unlikely to be restored to competency in the foreseeable future, the defendant may be further committed:

//

**ORDER HOLDING MATTER IN ABEYANCE** # 4

> If the director of a facility in which a person is hospitalized certifies that a person . . . who has been committed to the custody of the Attorney General pursuant to section 4241(d) . . . is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(a). If, after that hearing, the court finds by clear and convincing evidence that (1) the defendant is suffering from a mental disease or defect and (2) as a direct result, the defendant would present a substantial risk of bodily injury to another or serious damage to property of another upon release, the court shall commit the defendant to the custody of the Attorney General. 18 U.S.C. § 4246(d).

Under 18 U.S.C. § 3161, any period of delay resulting from proceedings related to determining a defendant's competency shall be excluded under the Speedy Trial Act.

## **ANALYSIS**

Here, the Court has already found "by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to assist properly in his own defense." ECF No. 51. Furthermore, the BOP's most recent Competency Evaluation Report, ECF No. 127, concludes Defendant is still suffering from delusion disorder and "there is not a substantial probability he could be restored to competency in the foreseeable future." Based on this record, the Court finds that Defendant is presently suffering from a mental disease or defect, specifically delusional disorder, that renders him not competent to stand trial and it does not appear he can be restored to competency in the foreseeable future. Accordingly, the provisions of 18 U.S.C. §

**ORDER HOLDING MATTER IN ABEYANCE** # 5

4241 are satisfied, and the Court finds good cause to hold these matters in abeyance pending the conclusion of proceedings in the Eastern District of North Carolina, Case No. 5:23-hc-02022-FL.  *See* 18 U.S.C. § 3161(h)(1)(A).

Accordingly, **IT IS HEREBY ORDERED:**

1.    The Court finds by a preponderance of the evidence that Defendant presently suffering from a mental disease or defect, specifically delusional disorder, that renders him not competent to stand trial and it does not appear he can be restored to competency in the foreseeable future. Accordingly, the provisions of 18 U.S.C. § 4241 are satisfied, and the Court finds good cause to hold these matters in abeyance pending the conclusion of proceedings in the Eastern District of North Carolina, Case No. 5:23-hc-02022-FL.

**2.    The parties shall file a joint status report within seven (7) days of the conclusion of proceedings in the Eastern District of North Carolina, Case No. 5:23-hc-02022-FL.**

3.    Pursuant to the Speedy Trial Act provisions of 18 U.S.C. § 3161(h)(1)(A), the time required for trial of Defendant **shall be tolled from July 31, 2025, to a date to be determined once proceedings in the Eastern District of North Carolina, 5:23-hc-02022-FL have concluded.**

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Marshals Service, and the Federal Bureau of Prisons.

**DATED** this 16th day of September 2025.



Stan Bastian
Chief United States District Judge

**ORDER HOLDING MATTER IN ABEYANCE** # 6